UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NICHOLAS ROBERTO-LARA BAKER,**

    Petitioner,

v.                                                                                   No. 2:15cv66

**HAROLD CLARKE,**
Director, Virginia Department
of Corrections,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Nicholas Roberto-Lara Baker ("Baker") is a Virginia inmate currently serving an eight-year active prison sentence following convictions in the Circuit Court of Spotsylvania County for possession of a firearm by a violent felon, possession of explosive material by a felon, and assault and battery of a family member, third offense. His federal habeas petition alleges three claims for relief. Respondent moved to dismiss the petition, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because Baker has procedurally defaulted all three of his claims, the undersigned recommends that the court GRANT Respondent's motion, and DISMISS the petition.

### I. STATEMENT OF THE CASE

Baker is currently in Virginia custody, serving an eight-year active sentence imposed on March 10, 2014, following convictions from a September 2013 bench trial. The court sentenced Baker to five years' imprisonment – the mandatory minimum – on his conviction for possession of a firearm by a violent convicted felon; five years' imprisonment, all suspended for possession

of explosive material by a convicted felon; and five years' imprisonment, with two years suspended for third offense assault and battery of a family member. See Va. Code Ann. §§ 18.2-308.2, 18.2-57.2. The three charges all arose from an incident on February 18, 2013.

On February 10, 2014 – after Baker's convictions, but prior to his sentencing on these charges – Baker entered into a plea agreement with the Commonwealth to resolve a ten-count indictment comprised of charges related to domestic abuse during the time period leading up to the February 18, 2013 incident. See Resp.'s Ex. A (ECF No. 12-1, at 7-8). As part of that plea agreement, Baker agreed to plead guilty to four counts of abduction and two counts of assault and battery of a family member, third or subsequent offense. Id. at 9. Baker also agreed, "[i]n exchange for the above charges being sentenced at the same sentencing event with three (3) charges of which [he] was already convicted on 9/9/13 but have not been sentenced, . . . to waive any and all rights of appeal for those three charges of which [he] was already convicted on 9/9/13 . . . ." Id. at 10. As a result, Baker did not appeal his convictions. The Court imposed its sentence by final order March 10, 2014.

Thereafter, Baker's court-appointed counsel moved to withdraw, citing three reasons: "1) The Defendant wishes to appeal the ruling of this court. 2) Considering all possible issues related to appeal, it may be a conflict for this attorney to represent the defendant. 3) Further, this attorney does very little appellate work and requests this court to appoint other counsel." Notice and Motion to Withdraw, Commonwealth v. Baker, No. CR-13000507-00. The court granted counsel's motion on March 18, 2014 and appointed new counsel for Baker. Following discussion at the jail with Baker about the prospect of appeal, Baker's new counsel filed a motion for reconsideration of the court's sentence. The court denied Baker's motion on July 8, 2014.

In November 2014, Baker filed a petition for a writ of habeas corpus in the state circuit court. Baker claimed that he was entitled to relief on three grounds: (1) "the fact-finding procedure was inadequate" and thus there was insufficient evidence to support his convictions for possession of a firearm; (2) his counsel was constitutionally ineffective for failing to consult about and file an appeal; and (3) the trial judge deprived Baker of his due process rights because of his misconduct/bias against Baker. See Baker v. Director, Va. Dep't of Corrections, No. CL14-1145. The Respondent moved to dismiss and attached as exhibits sworn statements from both of Baker's previous attorneys describing the actions each took to counsel Baker during his criminal prosecution. The court dismissed the petition January 7, 2015. As to the due process claim, the court held that the claim was barred by Baker's failure to raise it on direct appeal and the rule of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974). In the alternative, it held there was sufficient evidence to support Baker's convictions. As to the ineffectiveness claim, the court held that the record refuted Baker's factual allegations regarding his request for an appeal, such that Baker did not receive ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.[1] Baker never appealed the circuit court's dismissal of his habeas claims.

---

[1] Neither the motion to dismiss nor the state habeas court's order acknowledged Baker's third claim, asserting a violation of due process by judicial misconduct. In the state habeas proceedings, Respondent characterized Baker's petition as alleging two claims. He does the same here. See Resp.'s Br. (ECF No. 12, at 3). However, as discussed infra, Baker's failure to appeal the state habeas court's dismissal resulted in a failure to exhaust his state remedies on all three claims regardless of the court's reasoning on the claims. See, e.g., Kasi v. Angelone, 300 F.3d 487, 502 (4th Cir. 2002) (holding that petitioner's claims, "while dismissed in a summary fashion, were nonetheless 'fairly presented' and dismissed on the merits" by the state habeas court). There is no dispute that Baker raises the same claims here, as he did in his state petition. And, there is no dispute that the state habeas court dismissed his petition. Moreover, the "judicial misconduct" claim itself mostly reiterated Baker's first due process argument that "[t]here was no evidence to establish guilt at all." State Habeas Pet. Ground Three, Baker v. Director, No. CL14-1145.

Baker filed his present petition in this Court February 13, 2015. See (ECF No. 1). Baker alleges the same claims: (1) he received ineffective assistance of counsel based on his attorney's failure to appeal, (ECF No. 1, at 9, 12); (2) the evidence was insufficient to support his convictions due to the inadequate fact-finding procedure, (ECF No. 1, at 13-14); and (3) judicial misconduct – based on the trial judge's "personal issue against [Baker]" – deprived him of due process, (ECF No. 1, at 16).

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Baker Has Procedurally Defaulted His Claims.

Habeas petitioners who challenge a state's custody must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking a writ of habeas corpus from a federal court, petitioners must exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing," Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998), the state prisoner "must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275-76 (1971). This "generally requires that the essential legal theories and factual allegations advanced in federal court be the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991).[2]

If a petitioner presents unexhausted claims, the court may dismiss the federal petition without prejudice to permit exhaustion. See, e.g., George v. Angelone, 100 F.3d 353, 363 (4th

---

[2] Once a petitioner has exhausted his state remedies, a federal court still may not grant relief on any claim adjudicated on the merits by the state court, unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2).

Cir. 1996). However, "when it is clear that the state law would bar state review, exhaustion is not required, and federal review is precluded." Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990); see also Gray v. Netherland, 518 U.S. 152, 161 (1996). That is, a failure to fairly present a habeas claim to the state's highest court, will render a petitioner's claims procedurally defaulted in federal court. See Bassette, 915 F.2d at 937; see also Breard, 134 F.3d at 619 (quoting Coleman v. Thompson, 501 U.S. 722, 735 n.1) ("A procedural default also occurs when a habeas petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'"). Where an independent and adequate state law procedural rule would now prevent a petitioner from exhausting his claim, the state law ground "will bar federal habeas review of the federal claim" unless the petitioner demonstrates cause and prejudice. Id. at 262; see also Breard, 124 F.3d at 619; Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991).

Here, Baker pursued the three claims he presents here in the Circuit Court of Spotsylvania County. And, Baker received a decision on his claims in the Circuit Court. But, Baker never appealed that decision to the Supreme Court of Virginia. Again, exhaustion requires that Baker "fairly present his claim to the state's highest court." Matthews, 105 F.3d at 911. In order to do so, Baker was required to file a notice of appeal in the circuit court within thirty days of the final judgment, see Va. Sup. Ct. R. 5:9(a), and a petition for appeal with the Supreme Court within three calendar months. See Va. Sup. Ct. R. 5:17(a)(1). Because Baker did not file a notice of appeal or petition for appeal, he is barred from appealing, and thus exhausting, the state habeas decision on the claims presented in his federal petition. And, Virginia's bar on successive petitions prevents Baker from filing a new state habeas petition that raises claims

based on the same facts. See Va. Code Ann. § 8.01-654(B)(2). Thus, Baker has procedurally defaulted his three habeas claims. See, e.g., Mills v. Pearson, 1:13cv317, 2014 WL 559675, at *2 (E.D. Va. Feb. 12, 2014). Resting on independent and adequate state law ground, the state habeas decision is barred from review in this Court, "absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence." Id.; see Clagett, 209 F.3d at 379 (holding that Virginia Code § 8.01-654 constitutes an independent and adequate state law ground).

### B. Baker Cannot Show Cause and Prejudice to Excuse his Default.

A petitioner may overcome a procedural default only by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). The court may excuse a default under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 152, 170 (1982)).

Baker has not argued that his default is excusable. Rather, Baker's petition and his opposition to the motion to dismiss focus on the merits of his claims. See (ECF Nos. 1, 16). And, nothing appears in the record to suggest cause and prejudice or a fundamental miscarriage of justice exist to excuse the default of Baker's two due process claims. Accordingly, those two claims are clearly barred from review. Similarly, there is nothing in the record to support excusing the default of Baker's ineffective assistance of counsel claim. However, because Martinez v. Ryan, 132 S. Ct. 1309 (2012) provides a potential avenue of cause to excuse Baker's

default of his ineffectiveness claim, this Report will address why it does not apply to Baker's claim.

In Martinez, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315. Specifically, Martinez established a test to determine whether a petitioner can show cause for defaulting on an ineffective assistance claim on the basis of inadequate representation in state habeas proceedings. First, the state imposing the conviction must require the prisoner to raise an ineffective assistance claim in an initial collateral proceeding rather than on direct review.[3] 132 S. Ct. at 1318. Second, the state must have failed to appoint counsel in the initial-review collateral proceeding, or appointed counsel in the collateral proceeding must have been ineffective under Strickland v. Washington, 466 U.S. 668 (1984). Id. Finally, the underlying ineffective assistance claim must have "some merit." Id.

Relevant here, Virginia requires ineffectiveness claims be presented on collateral review. See Lenz, 544 S.E.2d at 304. And, Baker proceeded pro se in presenting his state habeas petition. See, e.g., (ECF No. 7-5, at 1). But, because the "narrow exception" in Martinez only applies to defaults that occur on initial collateral review proceedings, it does not affect Baker's failure to appeal to the Supreme Court of Virginia and his resulting default. Cf. Maples v. Thomas, 132 S. Ct. 912, 922 (2012); Coleman v. Thompson, 501 U.S. 722, 753-54 (1991).

Martinez established that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective

---

[3] "Initial-review collateral proceedings" are those proceedings under state law "which provide the first occasion to raise a claim." Martinez, 132 S. Ct. at 1315; see, e.g., Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001) (explaining that Virginia requires that ineffective assistance claims be brought in collateral proceedings).

assistance at trial." 132 S. Ct. at 1315. However, the Court in Martinez clearly limited its holding to <u>initial</u> collateral review proceedings:

> The rule of Coleman governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, <u>including appeals from initial-review collateral proceedings</u>, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

Id. at 1320; see also Johnson v. Warden of Broad River Corr. Inst., No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) (unpublished per curiam) ("[B]ecause Johnson alleges only ineffective assistance of <u>appellate</u> postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in Martinez."); Eaton v. Virginia, 7:13CV00367, 2014 WL 688137, at *5 (W.D. Va. Feb. 21, 2014) (holding that Martinez did not apply to excuse default based on pro se petitioner's failure to properly present assignments of error in his appeal to the Supreme Court of Virginia); Wilkinson v. Timme, No. 11-CV-00454-REB, 2012 WL 1884518, at *3 (D. Colo. May 23, 2012) ("[A]n attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default."). Baker's default on the three original ineffectiveness claims resulted not from a failure at initial collateral review proceedings, but from a failure to perfect an appeal of those proceedings. By the Supreme Court's clear direction, the rule of Coleman still governs Baker's claim. And, the rule in Coleman maintains that any error caused by lack of counsel "that led to the default of [the petitioner]'s claims in state court cannot constitute cause to excuse the default in federal habeas." Coleman, 501 U.S. at 757. After the initial collateral proceedings, the petitioner "bears the risk of negligent conduct." Maples, 132 S. Ct. at 922.

Here, Baker failed to timely perfect an appeal from his initial collateral review proceedings. As such, he defaulted his claim and cannot show cause to excuse that default. Coleman, 501. U.S. at 757; see also Mills, 2014 WL 559675, at *2-3 (holding that failure timely file an appeal of the Fairfax County Circuit Court's denial of his habeas petition resulted in petitioner's claims being procedurally barred from federal habeas review and not subject to Martinez); Johnson, 2013 WL 856731, at *1 (quoting Arnold v. Dormire, 675 F.3d 1082, 1087 (8th Cir. 2012)) ("Martinez assures that [the petitioner] got a day in court at his original postconviction hearing; 'deprivation of a second day [i.e. an appeal] does not constitute cause.'"). As a result, all three of Baker's claims in his federal petition are barred from federal habeas review.

### III. RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that that Respondent's Motion to Dismiss (ECF No. 10) be GRANTED, and that Baker's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 30, 2015

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Nicholas Roberto-Lara Baker
1427637
Nottoway Correctional Center
PO Box 488
Burkeville, VA 23922

Leah Ann Darron
Office of the Attorney General
900 E Main St
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

June 30, 2015